UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICARDA SANCHEZ | |
| Plaintiff, | |
| v. | Civil Action No: 3:20-cv-00168 |
| AV JANITORIAL SERVICES, LLC., ALFREDO VILLACIS | July 9, 2020 |
| Defendants | |

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON DEFAULT

## I. INTRODUCTION

This action was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Connecticut minimum wage law, Conn. Gen. Stat. 31-58, et seq., ("CMWA"). The Court has entered a default against Defendants Alfredo Villacis and AV Janitorial Services, LLC, ("AVJS") for failure to appear. (Doc. # 10). Plaintiff Sanchez now moves for an entry of default judgment against Defendants, and seeks an award of unpaid wages and liquidated damages.

## II. FACTS RELEVANT TO THE MOTION

At all times relevant to this action, Plaintiff Sanchez was a Connecticut resident. (Complaint, Doc. #1, ¶ 4)(Sanchez Aff.¶ 2). She worked for Defendants as a maintenance worker at a Best Buy store in West Hartford. (Complaint, Doc #1, ¶¶ 5-8)(Sanchez Aff. ¶ 3 ). Defendant Villacis hired, negotiated terms with, and paid Ms. Sanchez. (Complaint ¶¶ 6-8)(Sanchez Aff. ¶ 4). Defendants promised to pay Ms. Sanchez $441 twice a month for her work. (Complaint ¶ 8)(Sanchez Aff. ¶ 6. However, between June 1, 2019 and December 31, 2019, Defendants only gave Plaintiff three paychecks: one in June, one in August, and one in October. (Complaint ¶ 10)(Sanchez Aff. ¶ 7). Ms. Sanchez kept working through all that time because she did not want to lose employment. She repeatedly asked Defendants to be paid, and repeatedly was ignored. Defendant Villacis eventually told her through her lawyers that he "did not know who she was." (Complaint ¶¶ 11, 12)(Sanchez Aff. ¶¶ 9, 10).

## III. DISCUSSION

### A. Default Judgment Standard

A party's default is "deemed to constitute a concession of all well-pleaded allegations of liability." *Morales v. Cancun Charlie's Rest.*, 2010 WL 7685081, at *2 (D.Conn. 2010), citing *Greyhound Exhibit Group, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court should "accept as true all of the factual allegations of the complaint, except those relating to damages" and make all reasonable inferences in favor of the prevailing party. *Cancun Charlie's*, at *2, quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Cancun Charlie's*, 2010 WL 7865081, at *2, quoting *Greyhound*, 973 F.2d at 158; *Flaks v. Koegel*, 504 2d 702, 707 (2d Cir. 1974). An evidentiary hearing is not necessary, however, "as long as [the court] ensure[s] that there [is] a basis for the damages specified." *Cancun Charlie's*,

2010 WL 7865081, at *2, quoting *Fustok v. ContiCommodityServs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

As discussed below, Plaintiff Sanchez has properly alleged minimum wage violations and provided sufficient evidence in the form of an affidavit to support her claim for damages. Therefore, no hearing on damages is necessary.

### B. Minimum Wage violations

Up until October 1, 2019, Defendants were required to pay Plaintiffs a minimum hourly wage of $10.10 per hour: after that date, $11.00 per hour. Conn. Gen. Stat. § 31-58, *et seq.* At all times, the federal minimum wage was lower; $7.25/hour. 29 U.S.C. § 206(a)(1)(c). During the following weeks of 2019, Defendants underpaid Ms. Sanchez:

<u>June 2-8, 9-15th</u>: Should have paid $212.10 per week ($10.10/hr x 21 hours work), but paid $0. OWED: $424.20.

<u>June 31- July 6, July 7-13, July 14-20, July 21-27</u>: Same calculation as above. OWED: 848.40.

<u>August 18 – August 24, August 25 – August 31:</u> Same calculation as above. OWED: $ 424.40.

4

<u>September 1-7, 8-14, 15-21, 22-28:</u>  Same calculation as above.  OWED: $848.80.

<u>October 20-26, 27 – Nov. 2:</u>  Should have been paid $231 per week.  ($11.00/hr x 21 hours work), but paid $0.  OWED: $462.

<u>November 3-9, 10-16, 17-23, 24-30:</u>  Same calculation as above.  OWED: $924.

<u>December 1-7, 8-14:</u>  Same calculation as above.  OWED: $462.

Therefore, in straight unpaid minimum wages, Ms. Sanchez is owed $4,393.60.  Defendants also owe Ms. Sanchez liquidated damages in the same amount.  Conn. Gen. Stat § 31-68(a).  In total, then, Defendants should be ordered to pay the Plaintiff $8,787.20.

IV.     Conclusion

For the reasons explained above, Ms. Sanchez asks the Court to find that Defendants violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and the state analogue, Conn. Gen. Stat. § 31-58, *et seq.*, and that the Defendants pay Plaintiff damages in the amount of $8,787.20.

Respectfully submitted,

Plaintiff Ricarda Sanchez
By: /s/ James Bhandary-Alexander
James Bhandary-Alexander (ct28135)
New Haven Legal Assistance Association
205 Orange Street
New Haven, CT 06510
(203) 215-5345
James.bhandary-alexander@yale.edu
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2020, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James Bhandary-Alexander